UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOSAIA HAVEA,

        Plaintiff,

    v.

CITY OF SAN FRANCISCO,

        Defendant.

Case No. 26-cv-04680-KAW

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT; DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Re: Dkt. Nos. 1, 3, 4, 8

On May 18, 2026, Plaintiff Sosaia Havea filed this civil action and application to proceed *in forma pauperis*. On May 20, 2026, Plaintiff filed an amended application. (Dkt. No. 8.) Having considered the application, the Court TERMINATES the May 18, 2026 application as moot and GRANTS Plaintiff's May 20, 2026 application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I.   LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.    DISCUSSION

Here, Plaintiff brings a claim under 18 U.S.C. § 241 ("Conspiracy against rights") against Defendant City of San Francisco, based on an alleged ongoing conspiracy that started in 1993 when Plaintiff's family "sued princess Diana for commanding [her] mother to drink bleach." (Compl. at 2, 3, Dkt. No. 1.)  The conspiracy also includes Jennifer Lopez suing Plaintiff's church in 1999 due to Plaintiff "peeing on her foot," Plaintiff's friends suing three celebrity teachers in 2005 for "showing their boobs to the class," judges telling Plaintiff in 2017 and 2018 that she was at the center of a government conspiracy and that she should kill herself, her brother dying of an overdose in 2020, and her psychologist's refusal to complete an application in 2026.  (Compl. at 3.)  With respect to the 2026 action, Plaintiff alleges that the San Francisco Police Department, FBI, and Department of Justice refused to investigate.  (Compl. at 3.)

As an initial matter, Plaintiff cannot bring a claim under 18 U.S.C. § 241 because this is a "criminal statute[] that do[es] not provide a private right of action; in other words, plaintiff cannot bring civil claims based on alleged violations of these statutes."  *Coleman v. Pub. Defs. Office*, No. 23-cv-05532-SI, 2024 U.S. Dist. LEXIS 51715, at *14 (N.D. Cal. Mar. 20, 2024) (citing *Allen v. Gold County Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)).

Additionally, the Court finds that dismissal is warranted because the factual allegations are

United States District Court
Northern District of California

plainly frivolous. Courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Here, Plaintiff's allegations of a "malicious government conspiracy commanding [Plaintiff] to take [her] own life otherwise [she would] be abducted and tortured to death" are exactly the type of allegations that courts have found frivolous. *See Davis v. City of S.F.*, No. 19-cv-03419-PJH, 2019 U.S. Dist. LEXIS 215253, at *1-2 (N.D. Cal. Dec. 13, 2019) (finding allegations of a "wide-ranging conspiracy between the mayor of San Francisco, her son, the FBI, the SWAT Team, Magistrate Judge Beeler, and others to defraud and murder him" to be frivolous); *Fulkerson v. Hells Angels Orgs.*, No. 24-cv-04984-LB, 2024 U.S. Dist. LEXIS 244099, at *1 (N.D. Cal. Oct. 15, 2024) (finding allegations that the defendants subjected the plaintiff to criminal activities including "witness tampering, interference in criminal investigations, conspiracy to commit murder, aggravated assault, and interference in sexual assault investigations" to be frivolous).

Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

Additionally, because Plaintiff's complaint is frivolous, the Court DENIES Plaintiff's request for appointment of counsel. Generally, there is no right to appointed counsel in a civil action. *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). While the Court may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional circumstances," *see Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), Plaintiff has not demonstrated any likelihood of success on the merits in this case. Thus, appointment of counsel is not warranted.

United States District Court
Northern District of California

3

### III.   CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2).  Thus, Plaintiff must clearly provide the legal and factual basis for all claims, and must do so by filing an amended complaint by **June 25, 2026**.  If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.  In the alternative, Plaintiff may file a dismissal of her case.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case.  This manual, and other free information for pro se litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

IT IS SO ORDERED.

Dated: June 18, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4