UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOSAIA HAVEA,

Plaintiff,

v.

CITY OF SAN FRANCISCO,

Defendant.

Case No. 26-cv-04680-KAW

**ORDER DENYING MOTION TO APPOINT COUNSEL; REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE**

Re: Dkt. Nos. 10, 11

On May 18, 2026, Plaintiff Sosaia Havea filed this civil action and application to proceed *in forma pauperis*. On June 18, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis* but found that Plaintiff's complaint was deficient pursuant to 28 U.S.C. § 1915. (Screening Order, Dkt. No. 9.) As an initial matter, the Court found that Plaintiff could not bring a claim under 18 U.S.C. § 241 because it was a criminal statute with no private right of action. (*Id.* at 2.) Moreover, the Court found that Plaintiff's factual allegations were "plainly frivolous." (*Id.* at 2-3.) The Court thus ordered Plaintiff to file an amended complaint. (*Id.* at 4.) The Court also denied Plaintiff's motion to appoint counsel on the ground that Plaintiff's complaint was frivolous. (*Id.* at 3.)

On June 22, 2026, Plaintiff filed an amended complaint. (First Amend. Compl. ("FAC"), Dkt. No. 10.) While Plaintiff now asserts a 42 U.S.C. § 1983 claim, Plaintiff's claim still relies on the same "plainly frivolous" factual allegations. Specifically, Plaintiff asserts a "malicious government conspiracy" starting in 1993 when Plaintiff's family "sued princess Diana for commanding [her] mother to drink bleach." (FAC at 4.) The conspiracy also includes Jennifer Lopez suing Plaintiff's church in 1999 due to Plaintiff "peeing on her foot," Plaintiff's friends suing three celebrity teachers in 2005 for "showing their boobs to the class," judges telling

Plaintiff in 2017 and 2018 that she was at the center of a government conspiracy and that she should kill herself, her brother dying of an overdose in 2020, and her psychologist's refusal to complete an application in 2026. (FAC at 4.) With respect to the 2026 action, Plaintiff alleges that the San Francisco Police Department, FBI, and Department of Justice refused to investigate. (FAC at 4.)

These allegations are plainly frivolous. Courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Here, Plaintiff's allegations of a "malicious government conspiracy" based on such fanciful allegations is exactly the type of allegations that courts have found frivolous. *See Davis v. City of S.F.*, No. 19-cv-03419-PJH, 2019 U.S. Dist. LEXIS 215253, at *1-2 (N.D. Cal. Dec. 13, 2019) (finding allegations of a "wide-ranging conspiracy between the mayor of San Francisco, her son, the FBI, the SWAT Team, Magistrate Judge Beeler, and others to defraud and murder him" to be frivolous); *Fulkerson v. Hells Angels Orgs.*, No. 24-cv-04984-LB, 2024 U.S. Dist. LEXIS 244099, at *1 (N.D. Cal. Oct. 15, 2024) (finding allegations that the defendants subjected the plaintiff to criminal activities including "witness tampering, interference in criminal investigations, conspiracy to commit murder, aggravated assault, and interference in sexual assault investigations" to be frivolous).

Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Given that Plaintiff relies on the same fanciful allegations that the Court previously rejected, the Court REASSIGNS this case to a district judge and RECOMMENDS that the case be dismissed with prejudice. Additionally, because Plaintiff's complaint is frivolous and Plaintiff has not demonstrated any likelihood of success on the merits in this case, the Court DENIES Plaintiff's request for appointment of counsel. (Dkt. No. 11.)

United States District Court
Northern District of California

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Control Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: July 7, 2026

KANDIS A. WESTMORE
United States Magistrate Judge